UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JENKINS STARR, LLC and<br>RUTH JENKINS<br><br>　　　Plaintiffs,<br><br>v.<br><br>ROYAL-GLOBE INSURANCE<br>COMPANY, INC., CONTINENTAL<br>INSURANCE COMPANY, INC., THE<br>AETNA CASUALTY AND SURETY<br>COMPANY, INC., UNITED STATES<br>FIDELITY AND GUARANTY<br>COMPANY, INC.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 06-11757 (MEL) |

**ROYAL INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendant Royal Indemnity Company, as successor by merger to Globe Indemnity Company and Royal Insurance Company of America (improperly named in the Complaint as "Royal-Globe Insurance Company, Inc.") (hereinafter "Royal"), submits this memorandum of law in support of its Motion for Summary Judgment. Royal requests an order from the Court declaring that Ruth Jenkins and Jenkins Starr are not insured under the subject Royal policies.

Jenkins Starr, LLC and Ruth Jenkins seek defense costs and indemnification from certain insurers, including Royal, in connection with alleged environmental contamination arising from

Tops Cleaners, Inc.'s drycleaning operation at 495 Common Street, Belmont, Massachusetts. Jenkins Starr owned the property and Tops Cleaners was its tenant.[1]

Jenkins Starr's and Ruth Jenkins' claims for defense and indemnification must fail because they are not insured under the subject Royal policies. Neither Jenkins Starr nor Ruth Jenkins is a named insured in the policies. Jenkins Starr and Ruth Jenkins argue they have rights under the Royal policies by virtue of an assignment. However, Anne Enright Smith, the only named insured under the policies, never assigned her insurance rights to Ruth Jenkins. Similarly, Ruth Jenkins could not have assigned insurance rights, which she did not have, to Jenkins Starr. In the alternative, Jenkins Starr and Ruth Jenkins argue that they qualify as insureds as "real estate managers" for Anne E. Smith. However, neither Jenkins Starr nor Ruth Jenkins has offered any proof that they were the real estate managers for Anne E. Smith. Indeed, Jenkins Starr could not possibly have been a real estate manager for Anne E. Smith because it was not in existence during the subject Royal policy periods to manage Smith's real estate.

For these reasons, Royal's Motion for Summary Judgment should be granted.

## STATEMENT OF UNDISPUTED FACTS

### I.  THE UNDERLYING ENVIRONMENTAL CLAIMS

Following a telephone call to Royal on or around July 17, 2005, Christopher Starr, the managing partner of Jenkins Starr, sent Royal a letter dated July 20, 2005 providing initial notice of its claims for defense and indemnification with respect to alleged environmental contamination arising from 495-501 Common Street, Belmont, Massachusetts (the "Site").[2] [Royal's Statement of Material Facts ("SMF"), ¶ 1] This July 20th letter only references a

---

[1] Jenkins Starr and Ruth Jenkins assert that Smith Legacy Partner Series, LLC is now the current owner of the property pursuant to its conveyance by Jenkins Starr on April 7, 2006. Jenkins Starr Complaint dated Sept. 27, 2006 ("Compl."), ¶ 10. Smith Legacy Partner Series is not a party to this action.

[2] Jenkins Starr, LLC was formed as a Delaware corporate entity on November 22, 2000. [SMF, ¶ 22]

2

lawsuit being "threatened" by an unnamed abutter and does not specifically note (or attach) any Notice of Responsibility ("NOR") issued to Jenkins Starr by the Massachusetts Department of Environmental Protection ("DEP"). [SMF, ¶ 2]

Subsequently, by letter dated August 31, 2005, counsel for Ruth Jenkins and Jenkins Starr sent Royal a supplemental notice of claim for defense and indemnification which specifically references a private party demand asserted by FBB Belmont LLC ("FBB") against Jenkins Starr in August 2002 and an NOR issued to Jenkins Starr by the DEP. [SMF, ¶ 3] However, a copy of the NOR dated December 2, 2003 was not provided to Royal by Jenkins Starr until December 7, 2005 – over two years from the date of issuance. [SMF, ¶ 4]

On June 1, 2006, Jenkins Starr and Ruth Jenkins tendered to Royal a complaint filed by the Trustees of the Common Street Trust ("CST") against Jenkins Starr, Ruth H. Jenkins, Tops Cleaners, Inc., Paul Price and William B. Price. [SMF, ¶ 5] The claims in the CST Complaint arise from the alleged "contamination of [CST's] property with volatile organic compounds that have migrated from a neighboring property owned and/or operated by the defendants." [*Id.*] CST's property, located at 102 to 104 Trapelo Road and 489 to 493 Common Street, Belmont, Massachusetts, "directly abuts" the Jenkins Starr property at 495-501 Common Street, Belmont, Massachusetts. [*Id.*]

## II. THE SUBJECT ROYAL POLICIES

Royal issued four policies from April 7, 1981 to April 7, 1985 [Policy No. DLU B35090] to Anne Enright Smith (the "subject Royal policies"). [SMF, ¶ 6] One of the two locations listed in the subject Royal policies as "owned, rented or controlled" by Smith is 495-501 Common Street and Rear, Belmont, Massachusetts. [*Id.*] The property damage limit of liability in the subject Royal policies is $10,000 per occurrence for the 1981-1982 policy, $10,000 per

3

occurrence and in the aggregate for the 1982-83 and 1983-84 policies, and $10,000 per occurrence and $25,000 in the aggregate for the 1984-85 policy. [SMF, ¶ 7]

The only named insured under the subject Royal policies is Anne Enright Smith.[3] [SMF, ¶ 8] Neither Jenkins Starr nor Ruth Jenkins is specifically named in the subject Royal policies. [*Id.*] The "Persons Insured" provision of the subject Royal policies states that an individual is an "Insured":

>     (a)   if the **named insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the **named insured** with respect to the conduct of such a business;
>
>     …
>
>     (d)   any person (other than an employee of the **named insured**) or organization while acting as real estate manager for the **named insured**.

(Emphasis in original). [SMF, ¶ 9]

The subject Royal policies also provide that an assignment of interest is not valid unless Royal specifically consents by an endorsement contained in the policies. [SMF, ¶ 10]

## III.   THE ADJUSTMENT ACTIVITIES

On October 31, 2005, Royal agreed to participate in the defense of the NOR claims under a complete reservation of rights. [SMF, ¶ 11] At the time of this reservation of rights letter, Jenkins Starr and Ruth Jenkins had neither tendered a defense of any other "suit" to Royal nor had any other "suits" been filed against them. [SMF, ¶ 12] Thus, Royal did not agree to defend the private party claims being asserted by FBB and CST against Jenkins Starr and Ruth Jenkins. [*Id.*]

---

[3] Although correspondence from Ruth Jenkins, Jenkins Starr and their counsel refers to the insured as "Anna," the subject Royal policies list the insured as "Anne."

4

On January 29, 2007, Royal agreed to participate in the defense of Jenkins Starr and Ruth Jenkins in connection with the CST Complaint after finally receiving responses to information requests that Royal had first sent to counsel for Ruth Jenkins and Jenkins Starr almost eight months earlier. [SMF, ¶ 13] In a letter dated June 29, 2006, Royal first requested certain documents and information to assist in the evaluation and investigation of whether Royal had a duty to defend Jenkins Starr and Ruth Jenkins. [SMF, ¶ 14] These requests sought information including, but not limited to, how Ruth Jenkins received the Site from Anne E. Smith and the basis upon which Jenkins Starr and/or Ruth Jenkins claimed insured status under the subject Royal policies. [*Id.*] Royal and its counsel renewed and/or followed up on these information requests in five subsequent letters to Ruth Jenkins, Jenkins Starr and their counsel dated: August 30, 2006; November 15, 2006; November 20, 2006; December 15, 2006; and January 3, 2007.[4] [SMF, ¶ 15]

By letter dated January 19, 2007, counsel for Ruth Jenkins and Jenkins Starr finally produced new information which directly responded to Royal's requests. [SMF, ¶ 17] One such document was the will of Anne E. Smith, which was signed and sworn to on October 28, 1981. [SMF, ¶ 18] The will neither references Smith's rights under the insurance policies nor assigns such rights to anyone.[5] [*Id.*] Smith's will only devised all "personal property" and "all the rest, residue and remainder of [her] property" to Ruth H. Starr (later Ruth Jenkins).[6] [*Id.*] In addition, an inventory of Smith's estate, which was filed with the Worcester Probate Court on October 24,

---

[4] In a letter dated November 28, 2006, counsel for Ruth Jenkins and Jenkins Starr produced certain documents to Royal; however, almost all of the documents had already been provided to Royal in previous correspondence. [SMF, ¶ 16] Further, those newly produced documents were irrelevant to Royal's documents requests. [*Id.*]

[5] The Quitclaim Deed dated December 19, 2000, which grants ownership of this Site to Jenkins Starr from Ruth Jenkins, does not reference the subject Royal policies, Ruth Jenkins' alleged insurance rights under these policies, nor Smith's rights under these policies. [SMF, ¶ 20]

[6] According to various documents provided by Ruth Jenkins, Jenkins Starr and their counsel, Ruth Jenkins also appears to be known as "Ruth Smith Starr," "Ruth S. Starr," "Ruth H. Starr" and "Ruth Cronin."

5

1983, lists all real and personal property including the Site and Smith's shares of various stocks. [SMF, ¶ 19] This inventory does not reference the subject Royal policies. [*Id.*]

In addition, the above-referenced January 19, 2007 letter outlines for the first time Ruth Jenkins' and Jenkins Starr's interpretation of coverage under the subject Royal policies. [SMF, ¶ 21] Specifically, counsel for Ruth Jenkins and Jenkins Starr contended in the letter that Jenkins Starr and Ruth Jenkins are insured under the subject Royal policies because they are real estate managers, assignees and/or "successors" to Anne E. Smith. [*Id.*]

## ARGUMENT

### I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lincoln Nat'l Life Ins. Co. v. Prodromidis*, 862 F. Supp. 10, 11 (D. Mass. 1994). To succeed on a motion for summary judgment, "the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Barbour v. Dynamics Research Corp.*, 63 F.3d 32, 37 (1st Cir. 1995) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

Under Massachusetts law, the insured bears the burden of demonstrating its insured status under any applicable insurance policies. *Tatarian v. Commercial Union Ins. Co.*, 41 Mass. App. Ct. 731, 734 (1996). Massachusetts courts have held that a person seeking coverage as an

insured bears the burden of proof demonstrating that he or she qualifies as an insured where "the policy language identifying the individuals and entities to whom coverage is afforded constitutes part of the basic insuring agreement." *Kelleher v. Amer. Mut. Insur. Co. of Boston*, 32 Mass. App. Ct. 501, 503-04 (1992).

In the present case, Royal is entitled to summary judgment because Ruth Jenkins and Jenkins Starr cannot demonstrate that they are insured under the subject Royal policies.

## II.     ROYAL IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW BECAUSE RUTH JENKINS IS NOT AN INSURED.

There is no factual dispute regarding the insured status of Ruth Jenkins under the subject Royal policies. An unambiguous reading of the subject Royal policies shows that Anne Enright Smith is the only insured. Further, Ruth Jenkins was not assigned Smith's insurance rights, and Ruth Jenkins has not provided any evidence that she was a real estate manager for Smith. Thus, summary judgment should be granted in Royal's favor.

### A.     Ruth Jenkins Is Not A Named Insured.

As noted above, Ruth Jenkins bears the burden of demonstrating her insured status under the subject Royal policies. *See Tatarian*, 41 Mass. App. Ct. at 734. The only named insured under the subject Royal policies is Anne Enright Smith. Ruth Jenkins is neither named as an insured nor even referenced anywhere in the subject Royal policies.

### B.     Ruth Jenkins Was Not Assigned Smith's Insurance Rights.

Under Massachusetts law, a valid assignment shall contain words or acts which fairly indicate an intent to transfer an interest. *Kagan v. Wattendorf & Co., Inc.*, 294 Mass. 588, 596 (1936) (*quoting Cosmopolitan Trust Co. v. Leonard Watch Co.*, 249 Mass. 14, 19 (1924)). A contract is an assignment when words are free from ambiguity and construed in their usual and ordinary sense. *Larabee v. Potvin Lumber Co.*, 390 Mass. 636, 641 (1983). "An assignment is

7

made when the assignor intends to assign a present right, identifies the subject matter assigned, and divests itself of control of the subject matter assigned." *In re Gull Air, Inc.*, 90 B.R. 10, 13 (Bankr. D. Mass. 1988).

Assignments may happen by operation of law such as when a decedent's assets pass to his or her estate. *In re McIntyre v. White*, 328 B.R. 356, 361 (Bankr. D. Mass. 2005). However, a will fails to operate as an assignment of insurance rights when it does not set forth specific language clearly showing an intent to assign the rights of an insurance policy. *Old Colony Trust Co. v. Hale*, 302 Mass. 68, 72 (1939). In *Old Colony Trust*, the Supreme Judicial Court held that certain insurance policies were not assigned to an heir because, even when interpreting the conveyance language in its broadest possible context, nothing in the will showed an intent on the part of the testatrix to specifically bequest the insurance policies. *Id*. In reaching its holding, the Court emphasized that the insurance policies were "final contracts of the parties thereto." *Id*. Thus, insurance contracts such as the subject Royal policies should not be assignable without proof of specific intent in the will. *See id*.

Ruth Jenkins has provided neither a written assignment nor any proof that an assignment transferred Smith's rights to her. Although Ruth Jenkins may argue otherwise, Smith's will did not assign her insurance rights to Ruth Jenkins. The language in the will does not indicate any intent to transfer the interests of the subject Royal policies. In fact, the will does not contain any reference to any insurance policies. The will only states that Ruth H. Starr (later Ruth Jenkins) was to receive "[a]ll the rest, residue and remainder of my property, whether real, personal or mixed." In addition, an estate "Inventory," which was filed with the Worcester Probate Court, lists "a true and perfect inventory of all the estate of [Smith] that has come to my possession or knowledge … ." The subject Royal policies are conspicuously absent from the list. As in *Old*

8

*Colony Trust*, Smith's will does not operate as an assignment because it does not expressly show an intent to assign the insurance policies to Ruth Jenkins.

Even if the Court finds that an assignment occurred in Smith's will, the anti-assignment provision in the subject Royal policies states that Smith cannot assign the policies without the endorsed consent of Royal. There is no such endorsement contained in the subject Royal policies. *See* Exhibits 6 to 9. Nor has Ruth Jenkins and her counsel provided any evidence of such an endorsement in any of the letters written in response to Royal's information requests. *See* Exhibits 2 to 3, 18 to 19. Liability insurance policies such as the subject Royal policies at issue are regarded as "so personal in nature" that no assignment can be made before a loss has occurred without the consent of the insurer (especially where an assignment is expressly prohibited by a policy provision). *Couch on Insurance*, § 34:25 (3rd ed. 2006). Therefore, any claimed assignment by Smith to Ruth Jenkins is invalid and does not properly provide Ruth Jenkins insured status.

### C. Ruth Jenkins Was Not The Real Estate Manager For Smith.

Under Massachusetts law, Ruth Jenkins has the burden to prove that she is entitled to coverage as a "real estate manager." *Eastern Prods. Corp. v. CNA Insur. Cos.*, No. Civ. A 97-2376, 2000 WL 322633, at *2 (Mass. Super. Ct. Mar. 8, 2000). To date, Ruth Jenkins has not provided any evidence that she was the real estate manager for Anne E. Smith.[7] In fact, Ruth Jenkins' counsel only recently raised this argument after months of ignoring Royal's requests to produce proof of her insured status under the subject Royal policies.

---

[7] To the extent that Ruth Jenkins submits an affidavit or other evidence in an attempt to demonstrate that she was the real estate manager for Anne E. Smith, Royal would then be entitled to full discovery from Ruth Jenkins, including the taking of her deposition, before the Court renders a decision on this issue.

Assuming *arguendo* that Ruth Jenkins submits such evidence, she is only provided coverage under the subject Royal policies "while acting as real estate manager for the named insured." Thus, Ruth Jenkins is only entitled to coverage for liability arising out of acts performed within the scope of her duties as real estate manager. Accordingly, Ruth Jenkins must provide specific proof that the claims asserted against her in the CST Complaint arise out of Ruth Jenkins' role as real estate manager. Ruth Jenkins has not provided a shred of evidence to support these claims. *See Eastern Prods. Corp.*, 2000 WL 322633, at *2; Exhibits 1 to 3, 18 to 19.

**III.   ROYAL IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW BECAUSE JENKINS STARR IS NOT AN INSURED.**

There is also no factual dispute regarding the insured status of Jenkins Starr under the subject Royal policies. The formation of Jenkins Starr years after the expiration of the subject Royal policies is conclusive evidence that Jenkins Starr cannot be an insured. Thus, summary judgment should be granted in Royal's favor.

**A.   Jenkins Starr Is Not A Named Insured.**

As is the case with Ruth Jenkins, Jenkins Starr is neither named as an insured nor referenced anywhere in the subject Royal policies. As noted, Massachusetts law holds that Jenkins Starr bears the burden of demonstrating its insured status under the subject Royal policies. *Tatarian v. Commercial Union Ins. Co.*, 41 Mass. App. Ct. 731, 734 (1996). Jenkins Starr has not provided any evidence that it is a named insured under the subject Royal policies. Since Jenkins Starr was formed in 2000 – 15 years after the issuance of the last subject Royal

policy in 1985, Royal could not have possibly issued any policies with the intent of insuring Jenkins Starr.[8]

### B. Jenkins Starr Was Not Assigned Smith's Insurance Rights.

Ruth Jenkins could not have assigned the insurance rights under the subject Royal policies to Jenkins Starr because Ruth Jenkins herself did not receive any such rights pursuant to Smith's will. *See* supra, pp. 7-9. Even assuming that Ruth Jenkins was somehow assigned Smith's insurance rights, Jenkins Starr has not proffered any evidence showing that Ruth Jenkins assigned Smith's insurance rights to Jenkins Starr. While Jenkins Starr alleges in its Complaint that Ruth Jenkins "conveyed her interest in the Jenkins Starr Property, including all insurance policies and coverage, to Jenkins Starr," the deed granting the Site from Ruth Jenkins to Jenkins Starr does not include any reference to the subject Royal policies. Compl., ¶ 66 n. 3. Accordingly, Jenkins Starr is not entitled to coverage under the subject Royal policies.

### C. Jenkins Starr Was Not the Real Estate Manager For Smith.

Jenkins Starr has not provided any evidence showing that it was the real estate manager for Anne E. Smith for one simple reason: Jenkins Starr was not in existence during the subject Royal policy periods to manage the real estate of Anne E. Smith. *See Eastern Prods. Corp.*, 2000 WL 322633, at *2 (holding that a corporation could not have acted as a real estate manager for the named insured because it was not in existence). The subject Royal policies were issued from April 7, 1981 to April 7, 1985. Jenkins Starr was subsequently formed in 2000 – 15 years after the issuance of the last subject Royal policy. Accordingly, Jenkins Starr could not possibly be entitled to insured status as a real estate manager.

---

[8] Interestingly, counsel for Ruth Jenkins and Jenkins Starr stated in a letter dated January 19, 2007: "To the extent any insurer claims that Jenkins Starr is not an insured, it is thus a third-party claimant that has c.21E claims against the insured, Ruth Jenkins." Exhibit 19. Such a statement seems to infer that Jenkins Starr recognizes the weakness in its argument that Ruth Jenkins and Jenkins Starr are insureds.

**CONCLUSION**

For the reasons set forth above, Royal respectfully requests that this Court enter an Order granting summary judgment in Royal's favor which declares Jenkins Starr and Ruth Jenkins are not insured under the subject Royal policies. Thus, since Jenkins Starr and Ruth Jenkins are the only Plaintiffs with claims against Royal in this matter, Royal should be dismissed from the case with prejudice.

Dated: February 1, 2007                     **ROYAL INDEMNITY COMPANY**

                                            By Its Attorneys,

                                            /s/ Seth V. Jackson
                                            Karl S. Vasiloff, Esq. (BBO #555638)
                                            Seth V. Jackson, Esq. (BBO #658669)
                                            **ZELLE, HOFMANN, VOELBEL,**
                                            **MASON & GETTE LLP**
                                            950 Winter Street, Suite 1300
                                            Waltham, MA  02451
                                            (781) 466-0700


**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2007, I electronically filed Royal Indemnity Company's Memorandum of Law in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to All Counsel of Record.

                                            /s/ Seth V. Jackson
                                            Seth V. Jackson